IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BASIC RESEARCH, LLC, a Utah Limited Liability Company; SANMEDICA INTERNATIONAL, LLC, a Utah Limited Liability Company; NOVEX BIOTECH, a Utah Limited Liability Company; SANMEDICA IP HOLDINGS, LLC, a Nevada Limited Liability Company; NOVEX BIOTECH IP HOLDINGS, a Nevada Limited Liability Company; and QUALITY IP HOLDINGS, a Nevada Limited Liability Company, <br><br> Plaintiffs, <br> v. <br><br> ROCA BEAUTY LOUNGE INC., a Florida Corporation, <br> Defendant. | MEMORANDUM DECISION AND ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT <br><br> Case No. 2:22-cv-00483-TS-CMR <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Cecilia Romero |

On April 13, 2024, the Court issued an Order to Show Cause ordering Defendant to show cause as to why it had failed to file a notice of appearance of counsel, why it had failed to file an Amended Answer, and why the Court should not impose sanctions, including and up to entry of default judgment. Defendant was given fourteen (14) days from the date of the Order to file a response.

Defendant failed to show cause or otherwise respond in any way to the Court's Order. Plaintiffs filed a Motion for Entry of Default on June 7, 2023.[1] The Clerk entered default on June 13, 2023.[2]

---

[1] Docket No. 16.

[2] Docket No. 17.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorneys . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[3]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[5] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[6] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they

---

[3] Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

[4] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[6] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

represent criteria for the district court to consider [before] imposing dismissal as a sanction."[7] The Court considers each factor below.

1. *Degree of actual prejudice to Plaintiffs*

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[8] Defendant's failure to promptly engage in litigation and comply with the Court's orders has interfered with Plaintiffs' ability to obtain a resolution to their Complaint. Therefore, this factor weighs in favor of default judgment.

2. *Amount of interference with the judicial process*

The Court finds that Defendant's actions have interfered with the judicial process. The Complaint in this case was filed on July 25, 2022.[9] Now, two years into litigation, Defendant has still failed to file a notice of appearance of counsel and failed to file an Answer. Defendant has interfered with the judicial process by continuing to disregard the Court's orders and by failing to participate in the litigation. This factor, therefore, weighs in favor of default judgment.

---

[7] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[8] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

[9] Docket No. 2.

3. *Litigant's culpability*

Defendant's culpability is evident in its failure to respond to the Court despite being warned that failure to show cause as to why it failed to timely file its notice of appearance of counsel and Amended Answer could result in sanctions. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful misconduct."[10] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need by shown.'"[11] Defendant failed to timely file a notice of appearance of counsel within twenty-eight days of the Order to Show Cause, failed to file an Answer to the Complaint fourteen days after entry of counsel's appearance, and failed to provide any explanation as to this failure after the Court issued the Order to Show Cause. The Court finds that these failures were intentional and finds that this factor weighs in favor of default judgment.

4. *Whether the Court warned noncomplying litigant that default judgment was a likely sanction*

The Court warned Defendant that its failure to respond to the Order to Show Cause could result in terminating sanctions. This factor weighs in favor of default judgment.

5. *Efficacy of lesser sanctions*

The Court finds that lesser sanctions would be inadequate. Defendant has continued to fail to participate in this litigation and has failed to comply with the Court's orders. This factor weighs in favor of default judgment.

Considering the factors above, the Court finds that default judgment is appropriate.

---

[10] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[11] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

It is therefore

ORDERED that default judgment is entered against Defendant Roca Beauty Lounge Inc. A separate order of default will follow.

DATED this 2nd day of July, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge